From:                                          05/08/2019 15:21      #368 P.002/020

CASE   19-C-71           PUTNAM                            PAGE     1

ANGELA L. LATTEA & GREGORY W.   vs.  VANDERBILT MORTGAGE & FINANCE,

LINE    DATE    ACTION

    1  04/08/19   CASE FILED/COPIES TO ATTY FOR SRVC
    2  04/24/19   +WV SOS ACPTD SRVC/VANDERBILT MORTGAGE & FINANCE, INC 4/18/19
    3  04/24/19   +WV SOS ACPTD SRVC/CMH HOMES, INC. 4/18/19

**EXHIBIT A**

From:                                    05/08/2019 15:21      #368 P.003/020

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ANGELA L. LATTEA and
GREGORY W. LATTEA,

    Plaintiffs,

v.                              CIVIL ACTION NO. 19-C-71

VANDERBILT MORTGAGE &
FINANCE, INC., and CMH HOMES,
INC., d/b/a OAKWOOD HOMES NITRO, WV,

    Defendants.

### COMPLAINT

1.      This case arises out of the exploitive sale and financing of a repossessed mobile home to Plaintiffs Angela and Gregory Lattea. The Latteas were induced into a doublewide purchase and financing arrangement by deceptive misrepresentations and suppressions. The Defendants charged the Plaintiffs over $100,000.00 for a twelve-year old repossessed and defective doublewide. The home was sold with significant construction and safety defects. The Plaintiffs bring this action for damages and other appropriate relief.

### PARTIES

2.     (a)    Plaintiff Angela L. Lattea is a disabled woman with a seventh-grade education. She has borderline intellectual functioning and limited ability to read. She lives with her husband, daughter and grandchildren in the home that is the subject of this dispute located at 37 Spy Glass Court, Nitro, Putnam County, West Virginia, 25159.

     (b)    Plaintiff Gregory W. Lattea has been found by the Social Security Administration to be intellectually disabled and has sixth-grade education. He is married to Angela Lattea, has a significant hearing impairment, and cannot read or write.

1

**EXHIBIT A**

From:                                                                      05/08/2019  15:22      #368  P.004/020

(c)     The Plaintiffs are extremely unsophisticated and live on a fixed income of SSI benefits.

3.     (a)     Defendant Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt") is a corporation licensed to do business in West Virginia with its principal place of business at 500 Alcoa Trail, Maryville, Tennessee 37804.  Defendant Vanderbilt is the holder and servicer of Plaintiff's financing.  Defendant Vanderbilt is an affiliate CMH Homes, Inc. and is liable for all claims and defenses arising out of the transaction.

(b)     Vanderbilt has engaged in a pattern of the resale of defective repossessed mobile homes on exploitive terms to unsophisticated consumers in West Virginia.

4.     CMH Homes, Inc. d/b/a Oakwood Homes Nitro, WV ("CMH") as a principal place of business at 5000 Clayton Road, PO Box 9790, Maryville, TN 37802.  CMH acted as an unlicensed broker and sales agent in the transaction.

### STATEMENT OF FACTS

#### Initial Lot Visit/Solicitation

5.     In late summer 2018, the Latteas went to Defendants' lot in Nitro with the intention of purchasing a new manufactured home.

6.     (a)     The Plaintiffs were directed to a 2006 Fleetwood model home by Defendant's salesperson, Ralph Ball, who represented that the home was a trade-in.

(b)     The representation was false.  The home was actually a repossessed doublewide in poor condition.

(c)     Vanderbilt did not disclose the latent defects to Plaintiffs.

7.     The Defendants suppressed the actual market value of the repossessed doublewide.

2

**EXHIBIT A**

From:                                            05/08/2019 15:22      #368 P.005/020

8.      Ball represented to the Latteas that he would sell the home and secure a loan for the purchase of the lot upon which it would be situated for a total of $63,000.00.

## Loan Brokering by Unlicensed Broker

9.      In or about late July 2018, CMH completed a credit application for the Latteas.

10.      From the inception of this brokering relationship, the broker did not (a) disclose the existence and terms of the broker relationship; (b) act on Plaintiffs' behalf to obtain best available financing terms; (c) disclose to Plaintiffs the services to be performed and the total cost thereof; (d) provide notice and an opportunity to cancel the broker agreement; and (e) disclose to the borrowers the range of options and risks associated with financing arrangements.

11.      CMH took the Latteas' credit application, and CMH had no contact thereon with any financing entity other than Vanderbilt.

12.      At the time, CMH and Ball did not have licenses for loan origination or brokering required by statute.

## Consummation of Consumer Transaction – September 4, 2018

13.      Based on Defendants' representations of financing the home and land for a total of $63,000, and without Defendants' disclosure of the true market value of the doublewide or its defects, on September 4, 2018, the Latteas consummated the purchase of the home.

14.      Thereupon the Latteas made a $10,00.00 down payment on September 4, 2018.

## Change in Terms

15.      Thereafter the Latteas began receiving documents, which indicated differing loan amounts and sales price.

3

**EXHIBIT A**

From:                                                          05/08/2019 15:22     #368 P.006/020

16.     On or around October 24, 2018, Plaintiffs were directed to sign other loan documents and deed of trust, containing a multiplicity of costs previously not disclosed to Plaintiffs.

17.     Included in the documents presented to the Latteas was a Sales Worksheet, which provided a purchase price for the home of $103,759.70. This price was wildly inflated.

18.     The Latteas has no meaningful opportunity to understand the material terms or change in terms of the transaction.

19.     The actual value of the repossessed doublewide was approximately $22,826.00 at the time of the sale.

20.     (a)     The HUD-1 Settlement Statement does not identify the seller of the doublewide or the lender.

(b)     The Sales Worksheet indicated that CHM was the seller in the transaction; however, Vanderbilt was the actual owner of the home.

21.     Defendants did not provide the Latteas a copy of the financing agreement.

**Impact of the Transaction**

22.     The total loan amount in the transaction was $109,749.91, which Vanderbilt financed at a $10.560% rate, producing a monthly payment of $1,043.46.

**Significant Defects**

23.     Thereafter in November 2018 the home was delivered to Plaintiffs.

24.     The twelve-year-old doublewide presents many significant construction, safety, and cosmetic defects, including but not limited to the following:

(a)     The flooring though out the kitchen and living room is bubbling;

(b)     The HVAC system does not work;

4

EXHIBIT A

From:                                                                05/08/2019  15:23      #368 P.007/020

(c)     Carpet is not tacked and trim is missing from pantry;

(d)     Water damage under the kitchen sink;

(e)     Leaking faucet;

(f)     Cabinets pulled loose from the wall;

(g)     Oven door handle damaged;

(h)     Wall outlets do not work;

(i)     Ceiling has patchwork that has not been finished;

(j)     The belly board has been removed and the insulation under the house is falling

down;

(k)     Master shower does not work;

(l)     Flooring in master bath damaged;

(m)     Hot water heater not functioning properly;

(n)     There is a hole in the roof;

(o)     Doors do not shut properly;

(p)     Closet in bedroom has sheetrock falling off and there is a hole in the wall;

(q)     Faucet in master bath leaks;

(r)     Hot and cold faucet handles switched;

(s)     Lights do not work;

(t)     Door handles are damaged.

25.     The above defects persist to this day.

26.     Plaintiffs notified Defendants of the defects, and filed a complaint with the West

Virginia Division of Labor.

5

EXHIBIT A

From:                                                                05/08/2019  15:23      #368  P.008/020

**Damage**

27.    Plaintiffs have been forced to live in the defective doublewide – which has continually deteriorated – with their young grandchildren and suffered significant stress and worry about the doublewide as a proximate result of Defendants' actions as described above.

## CLAIMS FOR RELIEF

## COUNT I – FRAUD

28.    Plaintiffs incorporate the preceding paragraphs by reference.

29.    Defendants misrepresented the home was a trade-in and the purchase price.

30.    Defendants also misrepresented and suppressed the value and quality of the doublewide.

31.    Defendants' misrepresentations and suppressions were material, and they were intentional, knowing, or reckless.

32.    Plaintiffs reasonably relied on Defendants' misrepresentations and suppressions when entering into the transaction.

33.    Plaintiffs were harmed by their reliance on Defendants' misrepresentations and suppression including receiving an unfurnished home that contains substantial defects impairing Plaintiff's proper use and enjoyment of the home.

WHEREFORE, Plaintiffs respectfully requests the following relief:

(a)    Actual damages;

(b)    Punitive damages;

(c)    Attorney fees and the costs of this litigation; and

(d)    Such other relief as the Court deems equitable and just.

EXHIBIT A

From:                                                               05/08/2019 15:24      #368 P.009/020

## COUNT II – UNCONSCIONABLE INDUCEMENT

34.    Plaintiffs incorporate the preceding paragraphs by reference.

35.    On or around July 28, 2018 Defendant CMH represented that it would sell Plaintiffs a trade-in home for approximately $46,000.00.

36.    Plaintiffs and Defendants occupy dramatically unequal bargaining positions, including that:

(a)    Plaintiffs are unsophisticated consumers and Defendants took advantage of Plaintiffs' intellectual disabilities.

(b)    Defendants Vanderbilt and CMH and are national corporations that regularly sell and finance mobile homes manufactured by their affiliates.

37.    The contract was formed without a true meeting of the minds, caused by circumstances including:

(a)    Defendants' misrepresentations regarding the origin of the doublewide;

(b)    Defendants' suppressions about the value of the doublewide;

(c)    Excessive purchase price;

(d)    Signing of documents conducted by Defendants without a meaningful opportunity to understand the transaction, and Defendants' failure to provide copies of the documents to Plaintiffs;

(e)    Financing brokered by an entity not licensed to conduct such business;

(f)    The contracts at issue were adhesive and drafted by Defendants;

(g)    Defendants' misrepresentations and suppressions regarding the condition of the home.

7

**EXHIBIT A**

38.    Under the specific circumstances alleged, the contract contains substantively unconscionable and commercially unreasonable terms.

39.    The transaction was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a)    A declaration that the subject transaction was induced by unconscionable conduct and/or contained unconscionable terms, and that it is thus unenforceable; and

(b)    Set-off and other equitable relief;

## COUNT III – ILLEGAL TRANSACTION

40.    Plaintiffs incorporate the preceding paragraphs by reference.

41.    CMH Homes did not possess the appropriate licensure to complete the transaction at issue in violation of section 31-17-2 of the West Virginia Code.

42.    CMH Homes and Vanderbilt included compensation as part of the subject transaction that was not disclosed to Plaintiffs and misrepresented amounts paid to third parties in willful violation of W. Va. Code § 31-17-8(m)(1).

43.    The transaction was made in willful violation of W. Va. Code § 31-17-1 et seq.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a)    The transaction be declared void pursuant to W. Va. Code § 31-17-17;

(b)    Actual damages equivalent to amounts paid;

(c)    Attorney fees and costs; and

(d)    Such other relief as the Court deems equitable and just.

## COUNT IV – BREACH OF WARRANTY

44.    Plaintiffs incorporate the previous paragraphs by reference.

8

**EXHIBIT A**

From:                                                           05/08/2019  15:24      #368  P.011/020

45.     Implied in the sale of the home are warranties of merchantability and fitness for a particular purpose.

46.     The Defendants breached these warranties by selling to the Plaintiff a home which demonstrated significant construction and cosmetic defects rendering it unsuitable for living.

47.     The Plaintiffs hereby revoke acceptance of the home;

48.     The Plaintiffs was damaged as a proximate result of the Defendant's breach.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(a)     Actual damages;

(b)     Return of all payments made; and

(c)     Such other relief as this Court deems equitable and just.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,
**ANGELA L. LATTEA and**
**GREGORY W. LATTEA,**
**By Counsel.**

Bren J. Pomponio (WVSB # 7774)
Daniel F. Hedges (WVSB # 1660)
Clint Carte (WVSB # 12054)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 23501
Telephone:  (304) 344-3144
Facsimile:  (304) 344-3145
*Counsel for Plaintiffs*

9

**EXHIBIT A**

From:                                          05/08/2019 15:25      #368 P.012/020

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ANGELA L. LATTEA and
GREGORY W. LATTEA,

       Plaintiffs,

v.                                             CIVIL ACTION NO. __19-C-71__

VANDERBILT MORTGAGE &
FINANCE, INC., and CMH HOMES,
INC., d/b/a OAKWOOD HOMES NITRO, WV,

       Defendants.

                                      **SERVE:**
                                      **CMH HOMES, INC.**
                                      **5000 Clayton Road, PO Box 9790,**
                                      **Maryville, TN 37802**

## SUMMONS

To:  The Above-Named Defendant:

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon **Bren J. Pomponio/Mountain State Justice, Inc., whose address is 1217 Quarrier Street, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the Counterclaim within **twenty (20)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                          *Ronald C. Stone*
                                        Clerk of Court

Date:  __4-8-19__

EXHIBIT A

From:                                           05/08/2019 15:25      #368 P.013/020

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ANGELA L. LATTEA and
GREGORY W. LATTEA,

     Plaintiffs,

v.                                           CIVIL ACTION NO. ___19-C-71___

VANDERBILT MORTGAGE &
FINANCE, INC., and CMH HOMES,
INC., d/b/a OAKWOOD HOMES NITRO, WV,

    Defendants.

<u>SERVE:</u>

     **VANDERBILT MORTGAGE & FINANCE, INC**
     **500 Alcoa Trail**
     **Maryville, Tennessee 37804**

<u>SUMMONS</u>

To: The Above-Named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA,

     You are hereby summoned and required to serve upon **Bren J. Pomponio/Mountain State Justice, Inc., whose address is 1217 Quarrier Street, Charleston, West Virginia, 25301**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Counterclaim within **twenty (20)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                       _Ronald C. Stone_
                                       Clerk of Court

Date: ____4-8-19____

EXHIBIT A

From:                                                    05/08/2019 15:26   #368 P.014/020

## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit
Court of Putnam County, West Virginia

ANGELA L. LATTEA and
GREGORY W. LATTEA,

     Plaintiffs,

v.                                          CIVIL ACTION NO. ___19-C-71___

VANDERBILT MORTGAGE &
FINANCE, INC., and CMH HOMES,
INC., d/b/a OAKWOOD HOMES NITRO, WV,

Defendants.

PUTNAM CIRCUIT CLERK
APR 8 '19 PM 12:20

| | Days to Answer | Type of Service |
|---|---|---|
| Vanderbilt Mortgage & Finance, Inc. | 30 | Secretary of State |
| CMH Homes, Inc., d/b/a Oakwood Homes Nitro WV | 30 | Secretary of State |

## PLEASE RETURN ALL FILE STAMPED COPIES AND ALL ORIGINAL SUMMONSES TO COUNSEL
## FOR PLAINTIFF(S) FOR SERVICE OF PROCESS

Please issue summons in the above-styled action as indicated.

Original and _1_ copies of Complaint furnished herewith.

EXHIBIT A

From:                                          05/08/2019 15:26      #368 P.015/020

---

| PLAINTIFF: Angela L. Lattea, et. ux., | CASE NUMBER: |
| DEFENDANTS:   Vanderbilt Mortgage & Finance, Inc., et. al, | 19-C-71 |

II.   TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| /_/ Asbestos | /_/ Adoption | /_/ Appeal from Magistrate Court |
| /_/ Professional Malpractice | /X/ Contract | /_/ Petition for Modification of Magistrate Sentence |
| /_/ Personal Injury | /_/ Real Property | /_/ Miscellaneous Civil |
| /_/ Product Liability | /_/ Mental Health | /_/ Other |
| /_/ Other Tort | /_/ Appeal of Administrative Agency | |

III.   JURY DEMAND:      /X/  Yes           /_/  No

CASE WILL BE READY FOR TRIAL BY   April 2020

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
      ACCOMMODATIONS DUE TO A DISABILITY OR AGE?      /_/  YES     /X/  NO
      IF YES, PLEASE SPECIFY:

      /_/   Wheelchair accessible hearing room and other facilities
      /_/   Interpreter or other auxiliary aid for the hearing impaired
      /_/   Reader or other auxiliary aid for the visually impaired
      /_/   Spokesperson or other auxiliary aid for the speech impaired
      /_/   Other:

Attorney Name:    Bren J. Pomponio           Representing:

Firm:      Mountain State Justice, Inc.      /X/ Plaintiff     /_/ Defendant

Address:   1217 Quarrier Street             /_/ Cross-Complainant   /_/ Cross-Defendant
           Charleston, WV  25301

Telephone:  304/344-3144                     Dated: April 4, 2019

                                             Bren J. Pomponio
                                             Signature

EXHIBIT A

From:                                                              05/08/2019  15:26      #368  P.016/020



MOUNTAIN
STATE
JUSTICE

Miranda Johnson
Paralegal
miranda@msjlaw.org

April 4, 2019

PUTNAM CIRCUIT CLEF
APR 8 '19 PM 12:20

Ronnie Matthews, Circuit Clerk
Putnam County Judicial Building
12093 Winfield Road
Winfield, WV 25213

Re:    Angela L. Lattea, et. ux., v. Vanderbilt Mortgage & Finance, Inc., et. al.,

Dear Clerk:

Please find enclosed for filing the following documents:

1)    Memorandum to Clerk for Instituting Civil Action;

2)    The appropriate number of Summonses to be issued;

3)    Original Complaint; and

4)    A check in the amount of $230.00 for filing fees.

I have also enclosed an extra copy of the Complaint in this matter which needs to be
date-stamped and returned to me in the enclosed post prepaid envelope along with the
signed Summonses.

Thank you for your attention to this matter.  Should you have any questions, please
do not hesitate to call.

Sincerely,

Miranda Johnson
Paralegal

Enclosures as stated

1217 Quarrier Street, Charleston, West Virginia 25301   P. 304.344.3144 | 800.319.7132   F. 304.344.3145

EXHIBIT A

From:                                                          05/08/2019  15:27      #368  P.017/020

2

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Ronnie W. Matthews
Putnam County Circuit Clerk
12093 Winfield Road, Suite 12
Winfield, WV 25213-7907

PUTNAM CIRCUIT CLE[
APR 24 '19 PM 12:27

**Control Number:** 237443
**Defendant:** VANDERVILT MORTGAGE AND
FINANCE, INC.
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124 US

**Agent:** C. T. Corporation System
**County:** Putnam
**Civil Action:** 19-C-71
**Certified Number:** 92148901125134100002506848
**Service Date:** 4/18/2019

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

EXHIBIT A

From:                                          05/08/2019 15:27        #368 P.018/020

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ANGELA L. LATTEA and
GREGORY W. LATTEA,

      Plaintiffs,

v.                                                   CIVIL ACTION NO. 19-C-71

VANDERBILT MORTGAGE &
FINANCE, INC., and CMH HOMES,
INC., d/b/a OAKWOOD HOMES NITRO, WV,

      Defendants.

**SERVE:**

VANDERBILT MORTGAGE & FINANCE, INC.
500 Alcoa Trail
Maryville, Tennessee 37804

**SUMMONS**

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon **Bren J. Pomponio/Mountain State Justice, Inc., whose address is 1217 Quarrier Street, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the Counterclaim within **twenty (20)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                            _Ronald C. Stone_
                            Clerk of Court

Date: _4-8-19_

EXHIBIT A

From:                                              05/08/2019 15:28      #368 P.019/020

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Ronnie W. Matthews
Putnam County Circuit Clerk
12093 Winfield Road, Suite 12
Winfield, WV 25213-7907

PUTNAM CIRCUIT CLER
APR 24 '19 PM12:27

| | |
|---|---|
| **Control Number:** 237444 | **Agent:** C. T. Corporation System |
| **Defendant:** CMH HOMES INC.<br>1627 QUARRIER ST.<br>CHARLESTON, WV 25311-2124 US | **County:** Putnam<br>**Civil Action:** 19-C-71<br>**Certified Number:** 92148901125134100002506855<br>**Service Date:** 4/18/2019 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

EXHIBIT A

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ANGELA L. LATTEA and
GREGORY W. LATTEA,

      Plaintiffs,

v.                                                          CIVIL ACTION NO. ____19 C-71____

VANDERBILT MORTGAGE &
FINANCE, INC., and CMH HOMES,
INC., d/b/a OAKWOOD HOMES NITRO, WV,

      Defendants.

                                      **SERVE:**
                                      CMH HOMES, INC.
                                      5000 Clayton Road, PO Box 9790,
                                      Maryville, TN 37802

## SUMMONS

To:  The Above-Named Defendant:

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon **Bren J. Pomponio/Mountain State Justice, Inc., whose address is 1217 Quarrier Street, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the Counterclaim within **twenty (20)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                      *Ronald C. Stone*
                                      Clerk of Court

Date: ____4-8-19____

EXHIBIT A