# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ANGELA L. LATTEA and
GREGORY W. LATTEA,

           Plaintiffs,

v.                            CIVIL ACTION NO. 3:19-0375

VANDERBILT MORTGAGE & FINANCE, INC. and
CMH HOMES, INC.,
d/b/a Oakwood Homes Nitro, WV,

           Defendants.

## MEMORANDUM OPINION AND ORDER

Eight motions pend in this case: Defendants' Motion to Dismiss for Plaintiffs' Lack of Standing, ECF No. 6; Defendants' Motion to Compel Arbitration and Stay Remaining Nonarbitrable Claims, ECF No. 8; Defendants' Motion to Refer Case to Bankruptcy Court, ECF No. 29; Defendants' Motion to Stay While Court Decides Pending Motions, ECF No. 31; Plaintiffs' Motion to File Surreply to Defendants' Reply to Motion to Compel Arbitration, ECF No. 35; Defendants' Motion for Protective Order, ECF No. 39; Plaintiffs' Motion to Withdraw (or Dispense With) Reference, ECF No. 43; and Plaintiffs' Motion to Compel Discovery, ECF No. 47, which the Court referred to Magistrate Judge Cheryl A. Eifert.

For the reasons below, the Court **GRANTS** Defendants' Motion to Stay While Court Decides Pending Motions, ECF No. 31, **DENIES AS MOOT** Defendants' Motion for Protective Order, ECF No. 39, and **GRANTS** Plaintiffs' Motion to File Surreply to Defendants' Reply to Motion to Compel Arbitration, ECF No. 35.

# DISCUSSION

## I. Defendants' Motion to Stay While Court Decides Pending Motions

Defendants request the Court stay proceedings while the Court decides Defendants' Motion to Dismiss, Motion to Compel Arbitration, and Motion to Refer Case to Bankruptcy Court. ECF No. 31, at 1. Staying the case, argue Defendants, will save both parties time and expense because the Court might dismiss the case or require it to proceed in another forum. *Id.* at 1–2. Plaintiffs argue that discovery is necessary no matter the forum the case proceeds in and that a delay is highly prejudicial to Plaintiffs given the condition of their mobile home that is at issue in this case. ECF No. 36, at 1.

Under Federal Rule of Civil Procedure 26(c)(1), a court "may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including . . . forbidding the disclosure or discovery [or] specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)–(B). Under this rule, a court can stay discovery pending the outcome of a dispositive motion. *See Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986), *rev'd on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988).

Defendants' Motion to Dismiss is the only fully dispositive motion before the Court. In their supporting memorandum, Defendants argue Plaintiffs cannot bring their claims because Plaintiffs filed for bankruptcy prior to the filing of their complaint. ECF No. 7, at 1–3. Defendants argue that, as a result of the bankruptcy, the bankruptcy estate now owns these claims for the benefit of Plaintiffs' unsecured creditors. *Id*. If the Court finds in Defendants' favor, the Court will dismiss all of Plaintiffs' claims. Meritorious motions to dismiss like this are often sufficient for staying proceedings. *E.g. Slone v. State Auto Prop. and Casualty Ins. Co.*, No. 2:19-cv-00408,

2019 WL 4733555, at *1 (S.D.W. Va. Sept. 26, 2019) (granting defendants' motion for stay pending resolution of defendants' motion to dismiss or, in the alternative, for summary judgment). Therefore, the pending motion supports granting the stay.

The Court also finds the pending Motion to Compel Arbitration weighs in favor of granting the stay. The Federal Arbitration Act instituted a "liberal federal policy favoring arbitration agreements," and the Act contains "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Accordingly, courts often stay proceedings when a party files a motion to compel arbitration so that continued discovery will not frustrate arbitration's benefits. *E.g. Williamsport Realty, LLC v. LKQ Penn-Mar, Inc.*, No. 3:14–cv–118, 2014 WL 12596396, at *1 (N.D.W. Va. Dec. 16, 2014) ("Awaiting the outcome of the motion to compel arbitration before discovery ensues will ensure that the parties proceed in the proper forum and protect LKQ's right to arbitration should the Court find in its favor."); *Brown v. CMH Mfg., Inc.*, No. 2:13–31404, 2014 WL 2973349, at *2 (S.D.W. Va. July 2, 2014) (staying discovery pending ruling on motion to compel arbitration because, if not, "plaintiffs will have wasted the expense of conducting discovery, only to conduct it again before an arbitrator").

Defendants' Motion to Compel Arbitration is not entirely dispositive because plaintiffs' claims arise from a sales contract that has an arbitration clause and a loan contract that does not have an arbitration clause. ECF No. 8, Exs. 5, 2. Granting the Motion to Compel Arbitration would thus allow the nonarbitrable claims to proceed before the Court. Yet, granting the Motion to Compel Arbitration could still affect how the nonarbitrable claims proceed because district courts

have authority to stay nonarbitrable claims pending arbitration when a case involves both arbitrable and nonarbitrable claims. *Summer Rain v. Donning Co./Publishers, Inc*., 964 F.2d 1455, 1461 (4th Cir. 1992) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 20 n.23). Therefore, the Motion to Compel Arbitration still supports granting the stay even though the Motion is not fully dispositive.

Defendants' Motion to Dismiss and Motion to Compel Arbitration constitute good cause to grant the stay, and Plaintiffs raised no significant reason to deny it. Plaintiffs first argue that discovery is necessary no matter the forum in which the case ultimately proceeds. ECF No. 36, at 1. But this argument is irrelevant to the Motion to Dismiss, which would dismiss Plaintiffs' claims altogether. The argument is also inapplicable to the Motion to Compel Arbitration because "[l]imited discovery rights are the hallmark of arbitration," and the "informal discovery afforded in arbitration is one of the reasons that parties seek to arbitrate in the first place." *Brown v. CMH Mfg., Inc.*, No. 2:13-31404, 2014 WL 4298332, at *8 (S.D.W. Va. Aug. 29, 2014) (citation omitted). Plaintiffs also argue that any delay in these proceedings is prejudicial given the current condition of the home at issue. ECF No. 36, at 1. However, Plaintiffs have already declared their intent to surrender the home in their concurrent bankruptcy action, and Plaintiffs identified no other way that staying proceedings would prejudice them. *See* Voluntary Pet. for Individuals Filing for Bankruptcy at 37, *In re Lattea*, No. 3:19-bk-30130, ECF No. 1.

Therefore, the Court **GRANTS** Defendants' Motion to Stay While Court Decides Pending Motions, ECF No. 31.

**II. Defendants' Motion for Protective Order**

Defendants' Motion for Protective Order requests the Court stay the case for the same reasons raised in Defendants' Motion to Stay While Court Decides Pending Motions. ECF No. 39, at 1–2. The two motions are redundant because a "motion to stay, in reality, seeks a protective order pursuant to Fed.R.Civ.P. 26(c)." *United States v. Any & All Assets of Shane Co.*, 147 F.R.D. 99, 101 (M.D.N.C. 1993). Therefore, having already granted Defendants' Motion to Stay, the Court **DENIES AS MOOT** Defendants' Motion for Protective Order, ECF No. 39.

**III. Plaintiffs' Motion to File Surreply to Defendants' Reply to Motion to Compel Arbitration**

Rule 7.1(a)(7) of this district's Local Rules of Civil Procedure permits the Court to grant a party leave to file surreply memoranda. Leave may be appropriate when a party is "unable to contest matters presented to the court for the first time in [an] opposing party's reply." *Khory v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citation omitted). These matters include new evidence. *See, e.g.*, *United States v. Purdue Pharma L.P.*, No. 5:10-cv-01423, 2012 WL 12930668, at *1 (S.D.W. Va. May 7, 2012). Here, the affidavit of O. Gay Elmore, Jr. and the supporting documents attached as exhibits to Defendants' Reply are new evidence. ECF No. 30, Exs. 2, 3. Plaintiffs deserve the opportunity to contest this new evidence. The Court therefore **GRANTS** leave for Plaintiffs to file the Surreply submitted with their Motion. ECF No. 37. Defendants have **seven days** to file a reply to Plaintiffs' Surreply.

**CONCLUSION**

The Court **GRANTS** Defendants' Motion to Stay While Court Decides Pending Motions, ECF No. 31, and **ORDERS** this action stayed pending further order from the Court. The Court **DENIES AS MOOT** Defendants' Motion for Protective Order, ECF No. 39, and **GRANTS** Plaintiffs' Motion to File Surreply to Defendants' Reply to Motion to Compel Arbitration, ECF

No. 35. The Court allows Defendants **seven days** to file a reply to Plaintiffs' Surreply.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 16, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE